FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2010 NOV 19 AM 10: 06
CLERK R. Ask
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

KEVIN G. WILLIAMS,

  Petitioner,

vs.  :  CIVIL ACTION NO.: CV210-123

ANTHONY HAYNES, Warden,

  Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Kevin Williams ("Williams"), who is currently incarcerated at the Federal Correctional Institution-Satellite Low in Jesup, Georgia ("FSL Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. Williams filed a "Motion to Cure Deficiencies, Requesting Summary Judgment", to which Respondent filed a Response.[1] Williams filed a Reply. For the reasons which follow, Williams' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

In his petition, Williams asserts that the incident report charging him with possession of an iPod was incorrectly coded. Williams contends that the code he was charged with and the resulting sanctions were too harsh, violated his right to due process, and constituted cruel and unusual punishment.

---

[1] Williams previously filed a Motion for Default Judgment and Request for Immediate Release. The Honorable Lisa Godbey Wood denied Williams' Motion by Order dated October 8, 2010. (Doc. No. 19).

AO 72A
(Rev. 8/82)

Respondent avers that Williams did not exhaust his administrative remedies prior to filing this petition.

## DISCUSSION AND CITATION TO AUTHORITY

"[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). If a petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.'" Id. (quoting Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)).

In Porter v. Nussle, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. 534 U.S. 516, 523 (2002). The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 548 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.[2] In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom

---

[2] Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

AO 72A
(Rev. 8/82)

v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

"The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." Id. According to these Regulations, an inmate appealing a Disciplinary Hearing Officer's decision shall submit an appeal with the Regional Director for the region where the inmate is housed at the time he files his appeal. 28 C.F.R. § 542.14(d)(2). If the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons (the Central Office) within 30 calendar days of the date the Regional Director signed the response. 28 C.F.R. § 542.15(a). The General Counsel's Office has 40 calendar days to respond to an inmate's appeal once the appeal is accepted and filed. 28 C.F.R. § 542.18. At the Central Office level, the time for a response to an appeal may be extended for 20 days, and the inmate must be made aware of this extension in writing. Id. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."

Based on the evidence before the Court, Williams filed Administrative Remedy Number 593702-R2 with the Regional Office, and the Regional Director denied Williams' appeal on July 28, 2010. (Doc. No. 1, p. 7). Williams dated the appeal of this denial August 6, 2010, (id. at p. 6), yet there is conflicting evidence whether Williams actually filed this appeal with the Central Office. According to Respondent, Williams did not file an appeal with the Central Office. (Doc. No. 5-1, pp. 9, 11). Williams contends,

however, that he signed his appeal on August 6, 2010, and it was received in the Central Office on August 17, 2010. Williams also contends that the Central Office filed an extension for response on September 22, 2010, but, as of October 21, 2010, he had not received a response. (Doc. No. 20-2, p. 1).

Williams did not exhaust his administrative remedies prior to filing his petition. Williams executed his petition on August 6, 2010, (Doc. No. 1, p. 5), and it was placed on this Court's docket on August 11, 2010. (Dkt. Entry 1). However, accepting Williams' assertions as true, the Central Office had 20 days after September 22, 2010, or until October 12, 2010, to respond to Williams' appeal. Since the Central Office did not provide a response to Williams' appeal on or before October 12, 2010, he could consider his appeal to be denied. It is only after October 12, 2010, therefore, that Williams could file his petition challenging the disciplinary charges sanctioned against him. As Williams filed his petition before that time, he failed to exhaust his administrative remedies prior to filing suit in this Court.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Williams' Motion to Cure Deficiencies, Requesting Summary Judgment be **DENIED** and that Williams' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**, without prejudice.

**SO REPORTED and RECOMMENDED**, this 19th day of November, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)